

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0812-08

**HERNAN ARQUIMIDES RAMOS, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## IN CAUSE NO. 01-06-00521CR FROM THE FIRST COURT OF APPEALS
## HARRIS COUNTY

**KELLER, P.J., filed a dissenting opinion.**

"Instrument" can have a variety of meanings. One very broad meaning is: "Anything reduced to writing, a document of a formal or solemn character, a writing given as a means of affording evidence."[1] The State and the Court adopt this "anything reduced to writing" definition.

A very narrow definition describes an instrument as: "A negotiable instrument . . . or a security . . . or any other writing which evidences a right to the payment of money and is not itself a security agreement or lease and is of a type which is in the ordinary course of business transferred

---

[1] BLACK'S LAW DICTIONARY (5th ed. 1979).

by delivery with any necessary indorsement or assignment."[2]  Appellant adopts this "negotiable instrument" definition.  I agree with appellant for three reasons.

In construing a statute, we should look to the plain meaning of its text unless the text is ambiguous or the plain meaning leads to absurd results that the legislature could not possibly have intended.[3]  We generally presume that the entire statute is intended to be effective.[4]

The relevant statute provides that an offense is a third degree felony if the writing that is forged is or purports to be:

(1) part of an issue of money, securities, postage or revenue stamps;

(2) a government record listed in Section 37.01(2)(C); or

(3) other instruments issued by a state or national government or by a subdivision of either, or part of an issue of stock, bonds, or other instruments representing interests in or claims against another person.[5]

## I. Redundancy

The first thing that is noteworthy here is that the Court's interpretation would render part of the forgery statute redundant: the broad construction of "other instruments" in §32.21(e)(3) would

---

[2]  *Id.*

[3]  *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991).The Court contends that we must construe a statute as if it had been originally enacted in its amended form.  Court's op. at 6. Though the Court recites this supposed rule as if it were firmly established, no precedent from this Court is cited, and I am aware of none.  I need not address whether this rule is a corollary of the plain text approach in *Boykin* or something else entirely.  Even if this rule were somehow incorporated into the *Boykin* framework, the outcome of the case would not change for the reasons provided in this opinion.

[4]  *Ex parte Forward*, 258 S.W.3d 151, 154 (Tex. Crim. App. 2008); TEX. GOV'T CODE §311.021(2).

[5] TEX. PENAL CODE §32.21(e).

swallow the "government records" category outlined in §32.21(e)(2).[6] Subsection (e)(2) covers a writing that is or purports to be "a government record listed in Section 37.01(2)(C),"[7] which, in turn, defines a "governmental record" as "a license, certificate, permit, seal, title, letter of patent, or similar document issued by government, by another state, or by the United States."[8] If an "instrument" is any formal document that evidences a fact, then all government records covered in subsection (e)(2) are also "instruments" under subsection (e)(3) because they all evidence facts. Another problem is that subsection (e)(2), by incorporating §37.01(2)(C), contains its own "catch-all" provision: "similar documents." So subsection (e)(3) is not needed as a catch-all provision to subsection (e)(2). If we presume that the legislature did not intend these redundancies, then we must look to a narrower definition of the term "instrument."

## II. Amendment of Statute

The second important consideration is the history of the statute. Subsection (e)(2) was added in 1991.[9] Before the amendment, subsection (e) contained the text now found in subsections (e)(1) and (e)(3), without division, covering a writing that is or purports to be "part of an issue of money, securities, postage or revenue stamps, or other instruments issued by a state or national government or by a subdivision of either, or part of an issue of stock, bonds, or other instruments representing interests in or claims against another person."[10] It seems to me that, under the prior version of

---

[6] *Compare id.*, §32.21(e)(2), (3).

[7] *Id.*, §32.21(e)(2).

[8] *Id.*, §37.01(2)(C).

[9] *See* Acts 1991, 72nd Leg., ch. 113, §2.

[10] T EX. PENAL CODE §32.21(e)(West 1990).

subsection (e), the phrase "other instrument" clearly applied only to negotiable instruments.

The legislature obviously intended to broaden the scope of subsection (e) of the forgery statute when it added subsection (e)(2). The question is whether the legislature intended to broaden subsection (e) simply by adding a new category, found in subsection (e)(2), or whether the insertion of subsection (e)(2) in the middle of subsection (e) was intended to change the meaning of what is now subsection (e)(3). It is hard to imagine that the legislature, by leaving the wording of (e)(3) unchanged, meant to change its meaning. If its meaning was not changed, it still applies only to negotiable instruments and therefore not to social security cards.

## III. Social Security Card is a "Certificate"

Finally, even if "other instruments" were construed to include documents that simply memorialize facts, another problem arises. If a document is covered by subsection (e)(2), then it would not be an "*other* instrument" under subsection (e)(3). A social security card would appear to be a "certificate" or a "similar document" under subsection (e)(2). Therefore, because a social security card is covered by subsection (e)(2), it does not constitute an "*other* instrument" under subsection (e)(3).

I respectfully dissent.

Filed: November 18, 2009
Publish